499 F.2d 115
 86 L.R.R.M. (BNA) 2075, 73 Lab.Cas. P 53,320
 MICHIGAN CITY FEDERATION OF TEACHERS, LOCAL NO. 399, AFLCIO,
an unincorporated association, and Del McMillan,
individually, and representative of a
class, Plaintiffs-Appellees,
v.
MICHIGAN CITY AREA SCHOOLS, a corporation, Defendant,
Michigan City Education Association, Intervening
Defendant-Appellant.
 No. 73-1480.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 11, 1974.
Decided April 16, 1974.
 
 Jonathan L. Birge, Indianapolis, Ind., Terry V. Lehr, South Bend, Ind., for defendant-appellant.
 Thomas H. Singer, South Bend, Ind., for plaintiffs-appellees.
 Before SWYGERT, Chief Judge, KILEY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs, Michigan City Federation of Teachers, Local No. 399, AFL-CIO, and certain individuals of that union (Federation), filed suit against the School Board of Michigan City Area Schools (School Board). The complaint charged violations of constitutional rights arising out of the School Board's granting of exclusive use of certain internal channels of communication to the Michigan City Education Association (MCEA) which was the exclusive bargaining representative of the teachers. The MCEA intervened as party defendant and moved to dismiss. The district court overruled the motion and thereafter entered the Federation's request for injunction. The MCEA has appealed. We vacate and remand.
 
 
 2
 On October 8, 1968 the School Board authorized recognition of the MCEA as the exclusive bargaining agent on behalf of all certified, non-administrative employees of the Michigan City Area Schools. On August 8, 1972 the School Board entered into a collective bargaining contract with the MCEA which provided that the MCEA would have the following exclusive right: (1) to post notices of activities and matters of the MCEA on teacher bulletin boards upon securing appropriate permission; (2) to whatever part of the School Board meeting agenda is released to newspapers and radio stations in advance of the meeting; (3) to use facilities in any school building upon proper reservation; (4) to use school equipment, such as typewriters, mimeograph machines and other duplicating equipment, calculating machines and all types of audio-visual equipment when such equipment is not otherwise in use; (5) to announce the time and place of its first meeting at the first school orientation meeting; (6) to use the district mail service and teacher mail boxes for communication to teachers; (7) to names and addresses of new teachers who have accepted appointments in the Michigan City Area Schools; (8) to invite teachers to remain after a building meeting to hear brief reports and announcements; and (9) to request replacement of items for discussion on the School Board meeting agenda.
 
 
 3
 The Federation which is a minority labor organization instituted this action demanding the same privileges as the exclusive representative. It is alleged that the denial of the exclusive privileges is a violation of the First and Fourteenth Amendments. Accordingly, the Federation sought injunctive relief against the exclusivity of the privileges enumerated above. The district court entered an injunction in every area in which the MCEA had exclusive use of certain internal channels of communication noting that 'these privileges do effect the ability of the plaintiff union to communicate with its members and all other teachers especially since such privileges are being extended to the opposing union.' The district court in so holding found that the instant case was controlled by principles of constitutional law.
 
 
 4
 The MCEA had raised essentially two issues for our review: (1) Whether a public employer's grant of the use of certain privileges solely to an exclusive representative of public employees is controlled by principles of labor law rather than constitutional law and (2) even if constitutional principles are applicable, whether the State had a sufficiently important interest to justify the grant of privileges?
 
 
 5
 We note, at the outset, that the Federation on appeal characterized the exclusive privileges complained of as constituting an unfair labor practice within the prohibitions of a recently enacted Indiana statute relating to collective bargaining between school corporations and certain employees. P.L. No. 217 (July 1, 1973). This new law brought into existence the Indiana Education Relations Board (Board) whose jurisdiction embodies the determination of unfair labor practices. Since the instant case raises an unfair labor practice we hold that the judgment of the district court be vacated and the cause be remanded with directions that it be held for the purpose of giving the Federation an opportunity to file an unfair labor practice charge with the newly created Board. We think it appropriate that the Federation exhaust all available State remedies and the Board have an opportunity to make a determination in the first instance.[1]
 
 
 6
 For the reasons stated above the judgment of the district court is vacated and the cause remanded in accordance with this opinion.
 
 
 
 [1]
 Although the Board came into existence subsequent to the filing of this suit and entry of the district court's determination we are not foreclosed from applying this statute at the time of our ruling